UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE TWO GRAND JURY SUBPOENAS
DATED NOVEMBER 2022

UNITED STATES OF AMERICA,

      PETITIONER,

V.

JOHN DOE FUND, LLC, AND JOHN ROE,

      RESPONDENTS.

1:22-MC-00359-JMF

**RESPONDENT ████████████ MEMORANDUM OF LAW IN
OPPOSITION TO THE GOVERNMENT'S MOTION TO COMPEL
<u>COMPLIANCE WITH GRAND JURY SUBPOENAS</u>**

# TABLE OF CONTENTS

I.     PRELIMINARY STATEMENT ................................................................................1

II.    STATEMENT OF FACTS ....................................................................................6

   A.   The Text Messages at Issue ........................................................................6

   B.   ████████ and Text Messages Previously Produced to the SEC ................................7

   C.   The SEC Files Suit and ████████ is Placed into a Receivership ..............................9

   D.   The Government's Subpoenas at Issue ........................................................10

III.   ARGUMENT ....................................................................................14

   A.   The Corporate Subpoena is not directed to ████████ (or any other Individual
      Defendant), who has no authority over ████████ and is legally barred from taking
      action on its behalf ........................................................................15

   B.   The Personal Subpoena on ████████ must be limited to preserve █ Fifth Amendment
      rights and privilege protections ........................................................18

    1.   The Produced Texts ........................................................................18

    2.   The Additional Text Data ........................................................................119

IV.    CONCLUSION........................................................................................25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Curcio v. United States*,
    354 U.S. 118 (1957) ........................................................................................... 20

*Duncan v. Barton's Discounts, LLC*,
    178 N.E.3d 810 ................................................................................................. 23

*Grand Jury Subpoena Duces Tecum Dated Apr. 23, 1981 Witness v. United*
    *States*,
    657 F.2d 5 (2d Cir. 1981) .................................................................................. 23

*In re Grand Jury Subpoena Duces Tecum Dated Mar. 25, 2011*,
    670 F.3d 1335 (11th Cir. 2012) ........................................................................ 21

*In re Grand Jury Subpoena Duces Tecum Dated Oct. 29, 1992*,
    1 F.3d 87 (2d Cir. 1993) ................................................................................... 20

*In re Grand Jury Subpoena Issued June 18, 2009*,
    593 F.3d 155 (2d Cir. 2010) .............................................................................. 22

*In re Russo*,
    550 S.W.3d 782 (Tex. App. 2018) ..................................................................... 23

*Sec. & Exch. Comm'n v. Forster*,
    147 F. Supp. 3d 223 (S.D.N.Y. 2015) ........................................................ 20, 21, 22

*In re Three Grand Jury Subpoenas Duces Tecum Dated January 29, 1999*,
    191 F.3d 173 (2d Cir. 1999) ....................................................................... 10, 20, 22

*United States v. Fridman*,
    974 F.3d 163 (2d Cir. 2020) .............................................................................. 22

*United States v. Hubbell*,
    530 U.S. 27 (2000) .......................................................................................... 20, 21

**U.S. Constitutional Amendments**

Fifth Amendment ....................................................................................... passim

Pursuant to the Court's Order dated December 16, 2022 [ECF 1], Respondent ███████ ████████████████████████████ or "John Roe") respectfully submits this memorandum of law in opposition to the Motion to Compel Compliance with Grand Jury Subpoenas ("Motion" or "Motion to Compel") filed in the above-captioned matter (the "Action") by the United States of America by and through the United States Attorney for the Southern District of New York (the "Government") [ECF 3].

## I. **PRELIMINARY STATEMENT**

The Government seeks to force ████████ to comply with two grand jury subpoenas: a corporate subpoena directed to a corporate entity that is in receivership and which ████████ does not control (the "Corporate Subpoena"), and a subsequent individual subpoena issued to ████████ containing virtually identical requests for messages in ████████ custody, possession and control (the "Personal Subpoena").[1] ████████ contests the Government's Motion on the following.

*First*, the Corporate Subpoena does not apply to ████████ because, as detailed below, that Subpoena was issued solely to a corporate entity that ████████ does not control ████████ cannot act on its behalf.  Thus, the Government's Motion should be denied regarding that Subpoena.

*Second*, as to the Personal Subpoena, the Government's Motion should be denied without prejudice, as it was prematurely filed before ████████ could complete the substantial work required to review the thousands of personal text messages at issue—each of which require an assessment on Fifth Amendment privilege, responsiveness, and other protections such as attorney-client privilege.  As shown below, the Personal Subpoena triggers legitimate Fifth Amendment and privilege concerns, including the act of production privilege, and the Government fails to show

---

[1] Copies of the Corporate Subpoena (or "Subpoena A") and the Personal Subpoena (or "Subpoena B") are attached to the Government's Motion as Annex 1 and Annex 2, respectively.

1

that the foregone conclusion or collective entity doctrines apply.  At the very least, ███████

should first be provided sufficient time to complete ██ good faith efforts to assess the voluminous

documents and the important rights and privileges that are implicated so that █████ make the

appropriate assertions and proposals to the Government based on that review, and potentially

resolve the dispute.  In the meantime, the matter is simply not ripe to burden the Court with further

adjudication and the Government's hurried and premature motion should be rejected.  The Court

should therefore deny the Government's Motion as to the Personal Subpoena without prejudice

and permit the parties to revisit the issue if not resolved by the end of January 2023—by which

time ██████ will have completed the time-consuming work that remains for proper privilege

determinations, productions, and related privilege logs as appropriate.

As ███████ counsel has explained to the Government, responding to the Personal

Subpoena requires time-consuming tasks, including analysis of thousands of texts messages that

may be non-responsive or protected under the Fifth Amendment or attorney-client privilege.

██████ is working in good faith to complete these tasks, a fact made clear to the Government

in an effort to comply with the Personal Subpoena and avoid needless motion practice.  Despite

these clear communications to the Government, just weeks after serving the subpoena, the

Government nevertheless filed its premature Motion which must be denied.  In the meantime,

██████ continues ██ good faith efforts to complete ██ assessment and provide a response to

the Personal Subpoena, ██ expressly reserves all rights, and ██ files this opposition to the

Government's Motion to highlight important problems with the Personal Subpoena and to ensure

appropriate protections are preserved for any such response.

████████████████████████████████████████████████

████████████████████████████████████████████████



The messages at issue can be generally broken down into two groups.  First, the "**Produced Texts**."  These are the combined total of text messages collected and produced in redacted form (for responsiveness and privilege) by the Individual Defendants ▮▮▮▮▮▮▮▮▮▮ in response to individual subpoenas served by the SEC in November 2021 as part of the SEC's investigation.  And second, the "**Additional Text Data**."  This refers to additional electronic messages sought by the Government concerning ▮▮▮▮ for the time period after the Produced Texts were collected and produced (roughly late 2021 through April 2022).   Notably, the Produced Texts have already been provided to the Government by the SEC and the Individual Defendants similarly provided them to the Receiver after she was appointed.

With respect to the Produced Texts, in response to the Personal Subpoena[4] served upon ▮▮▮▮ a privilege log is being prepared for those Produced Texts within ▮▮▮▮ control

---

[2] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (the "Civil Action").

[3] *See* Civil Action at ECF No. 56 (a copy of which is attached to the Government's Motion as "Exhibit A").

[4] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

and possession that were previously produced to the SEC on ▉ behalf in response to an individual SEC subpoena and, the extent any of ▉ previously redacted texts are responsive to the Government's subpoena, he is working to produce those as well (as explained further below).[5]

But with respect the Additional Text Data, that Personal Subpoena implicates the act of production privilege under the Fifth Amendment along with other privilege concerns. Before the Government issued the grand jury subpoenas, there was no prior indication that Additional Text Data existed, negating the application of the foregone conclusion exception. Further, while the Government says these materials constitute "business records" subject to the collective entity doctrine, logic dictates that text messages stored and collected from ▉ personal phone do not fall within that category. Simply put, the messages on ▉ personal phone are personal. But even if they contain some limited "business records," that would not justify production without also evaluating (1) which messages meet that description or are otherwise exempt from Fifth Amendment protection, (2) which messages are non-responsive, and (3) which messages are protected by other privilege such as attorney-client communications or work product. Appropriate redactions and privilege logs would then also be necessary for any production.

With these concerns identified, as noted above and previously communicated to the Government, ▉ is working in good faith to complete the intensive work involved in ▉ collection and review for any Additional Text Data so that ▉ may properly respond to the Personal



Subpoena.  Thus, to resolve the pending dispute, and expressly preserving all rights, ████ working

in good faith to undertake the following tasks in response to the Personal Subpoena:



These tasks require time-consuming effort.  For example, for the Produced Texts,

████████ counsel must, among other things, review the prior limited redactions ████████ made

as non-responsive to the SEC's individual subpoena to determine if those texts are otherwise

responsive to the Personal Subpoena, consider privilege and Fifth Amendment concerns as part of

that review and redact appropriately, and prepare a related privilege log.  To give a sense of scale,

this requires combing through over 36,700 text messages previously collected and produced from

████████ personal device to assess responsiveness and develop a privilege log for those and

other redactions related to privilege.

Similarly, for the additional text messages sought in the Personal Subpoena, ████████

text messages must be processed and a search must be conducted not only to determine if there is

Additional Text Data (that is, texts responsive to the Personal Subpoena beyond those previously

produced to the SEC by ████████ to the SEC's prior individual subpoena), but also to review the

data for completeness, responsiveness, and Fifth Amendment and attorney-client privilege.

Simply collecting and processing the data for review from ████████ phone alone took nearly

one week.  Moreover, the nearly 10,000 texts that have now been processed for review constitute

messages exchanged after ████████ retained counsel for the SEC's pre-suit investigation and

therefore require careful review for privileged communications on top of assessing responsiveness

and the Fifth Amendment concerns discussed below.  ████████ counsel have been

working diligently and in good faith to accomplish these tasks and anticipate completion by January 31, 2023.

As a result, preserving ▮ rights and applicable protections, ▮▮▮ opposes the Government's Motion as to the Corporate Subpoena, which the Court should deny.  As to the Personal Subpoena, ▮▮▮ requests that the Court deny the Motion without prejudice and permit the Government to refile its Motion after January 31, 2023 to the extent any further issues remain, and by which time ▮▮▮ will have completed ▮ good faith review and provided further and complete responses as proposed herein.

## II.  STATEMENT OF FACTS

### A.    The Text Messages at Issue.

Before addressing the additional factual background, it is helpful to identify the specific documents at issue in the Government's Subpoenas and important distinctions regarding their control.  Specifically, while further details surrounding these specific materials are provided below, the text messages at issue in the Subpoenas can be broken down into the following buckets:





- ██████████████████████████████████████████████████████

**B.** ████████████ **and Text Messages Previously Produced to the SEC.**

In September 2021, they retained the undersigned counsel to assist in providing responses to the SEC's inquiries and the related process.

Most relevant here, in November 2021, the SEC served individual subpoenas for documents on each of the Individual Defendants, which included requests for the individuals' text messages related to ████████ business.[6]  In response to the individual subpoenas, counsel collected data from the personal devices of the individuals dated as of late 2021 and engaged in a good faith review to determine relevant and responsive text messages in response to the SEC's individual subpoenas.  In February 2022, after completing that review as to ████████████ ████████████████████████████████████████████[7]  counsel

---

[6] ████████████████████████████████████████████████████ Counsel represented each person individually to assist in responding to the SEC's individual subpoenas directed to each person and requesting text messages from each.  The SEC clearly recognized that materials on the personal phones of each individual needed to be sought through individual subpoenas.

[7] Counsel did not complete its review or produce such documents as to ████████ before the SEC filed the Civil Action.  The undersigned has directed the Government to ████████

7

produced an extensive number of text messages with limited redactions for responsiveness (i.e.,
relevance) and privilege (collectively, the Produced Texts).  *See* Ex. D. to Gov't Mot., Nov. 22,
2022 Letter from Counsel.[8]

Notably, the Individual Defendants were not aware of any criminal investigation by the
Government when it produced the Produced Texts to the SEC. ████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████[9]

_____

counsel for requests directed to ██████  Further, counsel explained to the Government ████████
████ was not even working for ██████████ in November 2021 when █ was subpoenaed by
the SEC and ██ individual text messages were collected as part of ██ individual response to the
subpoena served on ████

[8] The Government argues that the Produced Texts were produced on behalf of ██████████ and
not the individuals because the cover letter used when producing the individual texts referenced
the production to the SEC as being on behalf of ██████████ and not the individuals.  The
Government raised this point to counsel previously, and counsel confirmed to the Government that
the Produced Texts were in fact produced to the SEC on behalf of individuals in response to
individual subpoenas.  *See* Gov't Mot. at Ex. D (confirming the Produced Texts were comprised
of individual responses to individual SEC subpoenas).   In re-reviewing the cover letter
accompanying the individual text productions, counsel determined that it had inadvertently taken
a prior cover letter and did not update it to state the response was in connection with the individual
subpoenas.

[9] ████████████████████████████████████████████████████
████████████████████████

**C.      The SEC Files Suit and** ███████ **is Placed into a Receivership.**

However, the Individual Defendants negotiated with the SEC to ensure the Receiver did not receive pre-Receivership appointment documentation protected by the attorney-client privilege or other privilege protections, both for the Individual Defendants and the Corporate Defendants. *Id.* Further, in compliance with the Receivership Order, the Individual Defendants worked in good faith to provide the Receiver with access to ███████████ books and records in their possession, including documents previously produced to the SEC such as the Produced Texts.[10]

**D.    The Government's Subpoenas at Issue.**

███████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████

███████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

———————————————————
█ ███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████ *See In re Three Grand Jury Subpoenas Duces Tecum Dated January 29, 1999,* 191 F.3d 173, 179 (2d Cir. 1999).





Thus, while ███████ and █ counsel continue to work in good faith to complete their assessment and provide responsive and non-protected documents, those efforts have been interrupted by the Government's hurried and seemingly unnecessary Motion. ███████ now files this response.

### III.  ARGUMENT

The Government's Motion overlooks important practical realities and privilege protections and, as a result, must be denied.  *First*, as noted above, because ███████ cannot act for ███████  The proper party to respond to the Government's Motion regarding the Corporate Subpoena could only be ███████ itself (via the Receiver or her authorized agents) rather than ███████ or any of the Individual Defendants.  But, responding in an abundance of caution, ███████ shows below that the Government's Motion regarding the Corporate Subpoena fails because (1) it seeks to force the Individual Defendants to respond to a subpoena that was never directed to them, (2) a subpoena that was never properly served on anyone but the Receiver (the only individual with authority to act for ███████) as the undersigned counsel made clear to the Government that it does not represent anyone but ███████ in connection with the Government's investigation and can only respond for ██ in response to an individual subpoena directed ███, and (3) the Receivership Order bars the Individual Defendants from taking any action on behalf of ███████, which necessarily includes responding to the Corporate Subpoena.

14

*Second*, the Government's Motion regarding the Personal Subpoena should also be denied so that ███████ can complete ███ assessment and properly address ███ legitimate Fifth Amendment and privilege concerns.  These concerns are more limited regarding the Produced Texts which the Government certainly knows of and, indeed, already possesses.  Nonetheless, the Government's request that ████████ provide a privilege log or any other action must be limited to the portion of the Produced Texts that are actually in ██████████ control rather than others— i.e., ████████████.  Meanwhile, for the Additional Text Data the Government seeks via the Personal Subpoena, ████████ has properly invoked the act of production privilege.  The Government fails to establish that production of the Additional Text Data is a foregone conclusion, as it cannot show sufficient prior knowledge of the existence of any Additional Text Data responsive to the Government's broad requests.  Moreover, the Government's the collective entity doctrine argument fails.  That doctrine can apply only to a current corporate custodian and only as to "business records" the custodial retains control over—not to personal documents such as an individual's text messages held on ██ personal device.  Ultimately, determining the scope of the privilege protections is premature at this stage, as ████████ has thus far been deprived sufficient time to properly assess the voluminous documents for privilege or even responsiveness.  As a result, the Court should deny the Government's Motion as to the Personal Subpoena without prejudice to allow ████████ to complete ███ review and provide informed responses to the Government (including productions and related privilege logs) and, to the extent disputes remain as of January 31, 2023, permit the parties to revisit and litigate the issues at that time.

    **A.**    **The Corporate Subpoena is not directed to ████████ (or any other Individual Defendant), who has no authority over ████████████ and is legally barred from taking action on its behalf.**

The problem with the Corporate Subpoena is simple: ████████ does not and cannot act on behalf of ████████ nor can any of the Individual Defendants.  As the Government's Motion

confirms, "the Government issued Subpoena A to ██████." Gov't Mot. at 10. ████████

████████████████████████████████████████████████████████████

████████████████████████████████████ is not █████████. None

of the other Individual Defendants is ████████ nor does any of them hold any authority to act

on ████████ behalf.  In fact, the Receivership Order prohibits ████████ and any of the other

Individual Defendants from taking any action on behalf of ████████.  *See* Receivership Order

at § IV.  ███ therefore cannot respond to a subpoena that the Government directed solely to the

company.

Last, the Government has tried to get around this fact by attempting ████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████  In short, counsel could not accept service of the

Corporate Subpoena.

Nonetheless, the Government insists the Corporate Subpoena directed to ████████

should be complied with by someone other than the Receiver – who per court order is the only

legal actor for ████████.  As undersigned counsel solely for ████████, the argument is simply

wrong.  ████████████████████████████████ prior to the Receiver taking over

control, but that fact changes nothing here.  The Government mistakes a person with former control

of a company with current corporate authority.  The two concepts are fundamentally different.

Regardless of any alleged "custodial relationship" of ████████ the Government claims here

regarding ███████████ does not have authority to respond **on behalf of** ███████ and can

only respond for ██████ individually.  Only the Receiver and her agents can act for ███████████

with regard to a grand jury subpoena, not ██████████ attorneys.  *See* Receivership Order.

   To be clear, this is not a form versus substance issue.  Any attempt by ██████████ to respond

on ███████████ behalf would be in direct violation of an order by a federal judge that remains in

full effect.[12]  To order ██████████ to respond to the Corporate Subpoena would be to compel ██

to take action on behalf of ███████████—putting ██ in the impossible position of having to either

violate a compliance order or violate the Receivership Order.  As a result, the Court should deny

the Government's Motion regarding the Corporate Subpoena.  The Government's Motion

improperly seeks to force ██████████ to take unauthorized action on ██████████ behalf and in

violation of the Receivership Order.

   Furthermore, ██████████ cannot produce documentation ██oes not have possession,

custody and control over.  The Corporate Subpoena was directed to ██████████ and the

undersigned law firm does not represent that entity, so it cannot respond on its behalf.  ██

████████████████████████████████████████████████████████████

███████████ does not have possession, custody and control over anyone's text messages but

██████  The undersigned law firm does not represent ████████████████████████████

██████ related to the criminal investigation, including for any grand jury subpoenas and therefore

does not have access to the personal devices to collect data responsive the Corporate Subpoena.

---

[12] ████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████

Accordingly, as explained to the Government soon after serving its Corporate Subpoena, even if it won a Motion to Compel, it could only get from ████████ and the undersigned counsel what they have – records related to ██████. The undersigned law firm made the Government aware of these facts and explained personal subpoenas were the proper route to be served on the individuals or their counsel if they wanted records from each individual. The Government nevertheless served a Personal Subpoena only on ██████ and, before giving ██ time to properly respond, filed the instant Motion on both Subpoenas. The Corporate Subpoena is improper and the Motion should be rejected as discussed above. As discussed below, the Motion to Compel on the Personal Subpoena to ██████ is equally improper.

**B.     The Personal Subpoena on ██████ must be limited to preserve ██ Fifth Amendment rights and privilege protections.**

The Government's Motion as to the Personal Subpoena to ██████ fails to address the Fifth Amendment and privilege concerns presented by the subpoena. As noted above, ████████ counsel has asserted these concerns and sought reasonable time to review and determine an appropriate response to the broadly stated subpoena. In the meantime, ██████ has preserved ██ rights under the Fifth Amendment act of production privilege and to the attorney-client or work product privilege.

The Government argues that the foregone conclusion doctrine and the collective entity doctrine negate the act of production privilege here. ██████ position as to these arguments differs between the Produced Texts and the Additional Text Data, ████ addresses them separately below.

### 1.     The Produced Texts.

As the Government notes in its Motion, it already possesses the Produced Texts, having obtained them from the SEC. The production contains redactions for responsiveness (i.e., where

they do not address ███████ business) and for privilege, with the privilege-related redactions plainly labelled as such.  Further, as the Government also acknowledges, the Personal Subpoena to ██████ seeks only business-related information.  Because the redactions in the Produced Texts are limited to redactions where (1) the texts were not related to StraightPath business, and (2) privilege redactions, the Government generally already has access to the documents it seeks.

To be clear, only a portion of the Produced Texts were obtained and produced to the SEC on behalf of ██████████████████.  Thus, while ██████ is prepared to provide a privilege log and will re-review texts redacted as non-responsive to the SEC individual subpoena (to see if they are however responsive the Personal Subpoena), █████ only do so for those Produced Texts that belong to ██████████████████—and not other individuals who maintain their own documents and may have their own privilege and Fifth Amendment concerns.

Thus, as to the Produced Texts, ████████ requests that the Court deny the Government's Motion to Compel Compliance with the Personal Subpoena.  To the extent, the Court determines it appropriate to issue an Order related to the redactions of the Produced Texts, ██████ requests that such an Order be (1) limited to only those texts he controls and has possession over ████████ and (2) further confirm what ██████ has already told the Government he is amenable to doing—to, within 30 days, (a) provide a privilege log for prior redactions for ██ texts; and (b) re-review prior redactions for non-responsiveness and produce any such texts, if any, determined to be responsive to the Personal Subpoena that are otherwise not subject to the attorney-client privilege and/or work product doctrine.

2.      **The Additional Text Data.**

██████ has properly raised the act of production privilege regarding text messages from ██ personal device that have not previously been produced.  The Fifth Amendment act of production privilege applies "where the act of production is, itself, (1) compelled, (2) testimonial,

19

and (3) incriminating." *In re Three Grand Jury Subpoenas Duces Tecum Dated January 29,*
*1999,* 191 F.3d 173, 178 (2d Cir. 1999).  This occurs when, like the Personal Subpoena here, a
subpoena requires the "respondent to make extensive use of 'the contents of his own mind' in
identifying the . . . documents responsive to the requests in the subpoena." *United States v.*
*Hubbell,* 530 U.S. 27, 43 (2000) (quoting *Curcio v. United States,* 354 U.S. 118, 128 (1957)).

   Here, the Personal Subpoena requires ████ to sift through the thousands of messages
on ██ personal device to determine whether he has any Additional Text Data that are responsive.
In other words, the "determination of which documents are responsive to the Subpoena would
require the 'extensive use of the contents of ████ own mind in identifying the hundreds
of documents responsive to the requests in the subpoena.'" *Sec. & Exch. Comm'n v. Forster*, 147
F. Supp. 3d 223, 229 (S.D.N.Y. 2015) (quoting *Hubbell,* 530 U.S. at 43).  By producing any of the
Additional Text Data as responsive, ████ "would implicitly state what documents exist, are
in ██ possession, and are authentic," and the "compelled, testimonial, and incriminating nature of
such a production is sufficient to trigger the act-of-production privilege." *Id.*

   The Government argues two exceptions that the act of production privilege apply: the
foregone conclusion doctrine and the collective entity doctrine.  These arguments fail.

   ***First***, the foregone conclusion doctrine does not apply to the Additional Text Data.  The
doctrine requires the Government to "demonstrate that it knows the documents' existence and
location 'with reasonable particularity.'" *In re Grand Jury Subpoena Duces Tecum Dated Oct.*
*29, 1992,* 1 F.3d 87, 93 (2d Cir. 1993) (citations omitted).  This standard "does not demand that
the Government identify exactly the documents it seeks, but it does require some specificity in its
requests—categorical requests for documents the Government anticipates are likely to exist simply
will not suffice." *In re Grand Jury Subpoena Duces Tecum Dated Mar. 25, 2011*, 670 F.3d 1335,

1347 (11th Cir. 2012) (citing *Hubbell*, 530 U.S. at 45).  The Government fails the test here, as the Personal Subpoena "do[es] not identify any specific documents ▮▮▮▮▮ must produce; instead, the Subpoena seeks broad categories of documents relating to" ▮▮▮▮▮ *Forster*, 147 F. Supp. 3d at 229.

For example, in *Forster*, the district court rejected the application of the foregone conclusion doctrine where the subpoena utilized expansive terms like "concerning" and broadly worded requests seeking, for example, documents "concerning Monarch Bay Securities and its employees or agents."  *Id.* ▮▮▮▮▮

▮▮▮▮▮

▮▮▮▮▮

▮▮▮▮▮

*Forster*, 147 F. Supp. 3d at 229.

To be sure, the Government knows that the Produced Texts exists, as those were previously produced to the SEC and provided to the Government.  But other than those previously known materials, the Government fails to show knowledge of any responsive texts beyond speculation. The Government cannot cure this deficiency by simply presuming ▮▮▮▮▮ continued to exchange text messages that fall under the broad categories of the Personal Subpoena.  *See Hubbell*, 530 U.S. at 45 ("The Government cannot cure this deficiency through the overbroad argument that a businessman such as respondent will always possess general business and tax records that fall within the broad categories described in this subpoena.").  ▮▮▮▮▮

▮▮▮▮▮

▮▮▮▮▮

▮▮▮▮▮

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████   The Government offers no basis that

it "knows" responsive Additional Text Data actually exists.  Therefore, the Government has failed

to "demonstrate[] with reasonable particularity that it knows of the existence and location of the

many documents it seeks from ███████."  *Forster*, 147 F. Supp. 3d at 229 (citations omitted).

    ***Second***, the Government's collective entity argument fails.  Under the collective entity

doctrine, "the custodian of corporate records, who acts as a representative of the corporation,

cannot refuse to produce corporate records on Fifth Amendment grounds."  *In re Grand Jury*

*Subpoena Issued June 18, 2009*, 593 F.3d 155, 158 (2d Cir. 2010).  This rule precludes a

company's current employee from claiming the act of production privilege.  *Three Grand Jury*

*Subpoenas*, 191 F.3d at 179.  But as the Government concedes, when former employees "do not

hold the corporate documents in a representational capacity, [they] may claim a Fifth

Amendment act of production privilege with respect to the documents."  *Id.* at 183–84.

    The Government argues that under *United States v. Fridman*, 974 F.3d 163, 183 (2d Cir.

2020), ███████ continues to be a corporate custodian under the collective entity rule because the

Government has a "reasonable basis to believe" he could produce corporate records.  Gov't Mot.

at 16.  However, in *Fridman*, the Court found in favor of production on this basis because the

respondent "ha[d] not shown that he is no longer affiliated with any of the corporate entities at

issue," *Fridman*, 974 F.3d at 189, ████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████

But beyond that, the Government fails to establish a critical requirement for the collective entity doctrine—that the Additional Text Data could even qualify as "business records" at all. Text messages collected from an individual's personal device are inherently personal materials and not business records. The Government does not provide any authority from the Second Circuit or any federal court finding that an individual's text messages on a personal phone constitute "corporate records." Instead, it relies on a single case from a state court located within a different federal circuit which, in turn, relies on another state court opinion.[13]

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████ That is not the standard for determining whether *any* document is a corporate record, let alone text messages on an individual's personal device. Instead, when considering if a document is a personal or corporate record, courts in the Second Circuit consider several objective factors, including "who prepared the document, the nature of its contents, its purpose or use, who maintained possession and who had access to it, whether the corporation required its preparation, and whether its existence was necessary to the conduct of the corporation's business" *Grand Jury Subpoena Duces Tecum Dated Apr. 23, 1981 Witness v. United States,* 657 F.2d 5, 8 (2d Cir. 1981). The information for that assessment is not yet at hand. Instead, the Government filed its rushed Motion knowing that ████████ did not have time to complete the substantial work necessary for such an analysis, and it would be premature to ask the Court to do so now. The issue will simply not be ripe until ████████ good faith review is complete.

---

[13] *See* Gov't Mot. at 17 n.6 (relying on *Duncan v. Barton's Discounts, LLC,* 178 N.E.3d 810, 819 (Ind. Ct. App. 2021) (citing *In re Russo,* 550 S.W.3d 782, 790 (Tex. App. 2018))).

Further, even if ███████ maintains a custodial relationship, and even if ██ individual text messages could constitute "business records," text messages from ██ personal device will unquestionably contain personal messages that do not relate to ███████ business and therefore are neither business records nor responsive to the Personal Subpoena.  For example, the Produced Texts contain redactions for non-responsive and personal content.  ███████ is entitled to similarly preserve responsiveness and privilege objections over any Additional Text Data █ uncovers even if the Court were to agree with the Government that the collective entity doctrine applies to text messages on ███████ personal phone that relate to ███████.  In other words, to the extent the collective entity rule could apply to certain text messages, ███████ is still entitled to withhold or redact personal text messages that are not responsive or are otherwise protected by privilege.  As noted above, ███████ efforts in completing such a review is ongoing and is expected to be completed by January 31, 2023.

In sum, as to the Additional Text Data, the act of production privilege applies to personal text messages and the Government has failed to establish that their production is a foregone conclusion or that the Additional Text Data fall within the collective entity rule.  At the very least, because ███████ is yet to complete an internal analysis of the personal or corporate nature of the Additional Text Data or other applicable privilege, it is premature for the Court to do so at this time.  Accordingly, the Court should deny the Government's Motion as to the Personal Subpoena without prejudice such that it may be revisited if the parties are unable to resolve the issue following completion of ███████ review and result privilege assertions and/or redacted production with a corresponding privilege log.

## IV. **CONCLUSION**

For the reasons set forth above, the Court should deny Government's the Motion as to the Corporate Subpoena, as ███████ (as well as any other individual identified in the Corporate Subpoena) is not the subject of the Corporate Subpoena, has no authority to respond to it, and is barred from doing so by judicial order.  As to the Personal Subpoena, the Court should deny the Motion without prejudice and permit it to be revisited if any disputes remaining after January 31, 2023, thereby providing sufficient time for █████ to complete ███ review and assessment of the materials and provide such redacted productions and corresponding privilege logs as to the Produced Texts within ███ control ████████████ and the Additional Text Data depending on ███ completed assessment of the related materials.

███████ provides herewith a proposed order to this affect for the Court's consideration.

Dated: January 6, 2023
New York, New York

/s/ Jonathan Etra
Jonathan Etra
Nelson Mullins Riley & Scarborough LLP

*Attorney for* ███████████